UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PAMELA CROOMS

    Plaintiff,        Case No. 1:12-cv-731
vs.
                 Weber, J.
                 Bowman, M.J.

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY

    Defendant.

## REPORT AND RECOMMENDATION

   The Court previously issued an order to Plaintiff to show cause for her failure to timely respond to Defendant's motion to dismiss. (Doc. 13) The Order further advised Plaintiff that her complaint would be dismissed if she failed to timely comply with the Show Cause Order. *Id.* To date, Plaintiff has filed no response. For the reasons that follow, the undersigned recommends that plaintiff's complaint be dismissed for lack of prosecution or, in the alternative, that Defendant's motion to dismiss be granted pursuant to Fed.R.Civ.P. 12(b)(6) because Plaintiff's complaint fails to state a cognizable claim for relief.

   The record reflects that Defendant filed its motion to dismiss on July 30, 2013; the accompanying Certificate of Service identified that the motion was served upon plaintiff via regular U.S. mail. (Doc. 12). Plaintiff failed to file a response to the motion to dismiss and, on September 5, 2013, the undersigned entered an order for Plaintiff to show cause why the motion to dismiss should not be construed as unopposed and granted for the reasons stated in the motion. (Doc. 13). To date, Plaintiff has not filed a response to the Show Cause Order or to Defendant's motion to dismiss.

Plaintiff's failure to prosecute this matter and to obey an Order of the Court warrants dismissal of this case pursuant to Fed.R.Civ.P. 41(b). *See Jourdan v. Jabe*, 951 F.2d 108, 109–10 (6th Cir.1991). District courts have the power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). *See also Jourdan*, 951 F.2d at 109. Though plaintiff is proceeding pro se, as stated by the Supreme Court, "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Accordingly, the undersigned recommends that Plaintiff's case be dismissed for want of prosecution and for failure to obey a Court Order.

In the alternative, the undersigned finds that dismissal of Plaintiff's complaint is also warrant under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Social Security Act imposes a 60-day time limit for seeking judicial review of unfavorable agency decisions. The agency's records show that the Appeals Council sent the denial of review on July 16, 2012, to the same address Plaintiff currently has listed with this Court. (Doc. 12, Ex. 1). Plaintiff, however, did not file her Motion for Leave to Proceed *in forma pauperis* until September 25, 2012 (Doc. 1), four days after the sixty day, statutory deadline.

The 60 day limitation is jurisdictional and cannot be waived. *Biron v. Harris,* 668 F.2d 259, 260-61 (6th Cir.1982) (per curiam). In *Biron*, the Sixth Circuit upheld the 60 day time limitation. *See also Hallett v. Secretary of Health and Human Services,* 35 F.3d 565, 1994 WL 443468, \*\*1 (6th Cir.1994) (concluding that the district court lacked jurisdiction to review the Secretary's decision because Hallett did not file a complaint within 60 days

from the date of the Secretary's final administrative action); *Charleston v. Secretary of Health and Human Services,* 14 F.3d 600, 1993 WL 514100, \*\*1 (6th Cir. 1993) (holding that the district court lacked jurisdiction to review the Secretary's decision because plaintiff did not file a complaint within 60 days from the date of the Secretary's final administrative decision).

A number of lower federal decisions have strictly applied the 60 day time limitation. *In Winkelman v. Comm'r of Soc. Sec.*, 2012 WL 1684602 (N.D. Ohio 2012), this Court dismissed a complaint that was filed one day late, noting that "the Sixth Circuit has admonished that strict adherence to [the] filing requirement is necessary to ensure the efficient disposition of [Social Security] cases." *Id.* (quoting *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007)). See also *O'Neill v. Heckler,* 579 F.Supp. 979 (E.D. Pa.1984) (holding that where the complaint was filed one day late, the court was without jurisdiction to review the decision of the Secretary);*Sanchez v. Bowen,* 85-9385 slip op., 1986 WL 9234 (S.D.N.Y. Aug. 11, 1986); *Worthy v. Heckler,* 611 F.Supp. 271 (D.C.N.Y.1985).

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's case be DISMISSED for want of prosecution and for failure to obey an Order of the Court or, alternatively, defendants' motion to dismiss (Doc. 12) be **GRANTED**; and this case be **CLOSED.**

                                         *s/Stephanie K. Bowman*
                                         Stephanie K. Bowman
                                         United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PAMELA CROOMS

        Plaintiff,

vs.

        Case No. 1:12-cv-731

        Weber, J.
        Bowman, M.J.

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY

        Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).